UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> REMINGTON PLACE HOMEOWNERS' ASS'N, *et al.*, <br><br> Defendants. | Case No. 2:16-cv-00475-RFB-EJY <br><br> **ORDER** |

Presently before the Court is Plaintiff Bank of America, N.A.'s ("BANA") Bill of Costs (ECF No. 73). The Court has considered Defendant 9060 Boston Springs Trust's Objection to Bill of Costs (ECF No. 75), and Plaintiff's Reply to Objection to Bill of Costs (ECF No. 76). At issue is whether BANA's expert report and transcript are taxable as costs.

Fed. R. Civ. P. 54(d)(1) provides that unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. The clerk may tax costs on 14 days' notice. Local Rules of Practice ("LR") 54-1(d) provides that if an objection to the bill of costs is filed, once a response to the objection is filed or the deadline for doing so has passed, the clerk may prepare, sign, and enter an order disposing of a bill of costs, subject to a motion to re-tax under LR 54-12. The clerk's taxation of costs is final, unless modified on review as provided in these rules. The U.S. Supreme Court clarified that the "unless the court otherwise directs" language contained in Fed. R. Civ. P. 54(d) vests discretion in the court as to allowing costs. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 232 (1964). However, the Court may not either reduce or increase the amount of the costs from those reasonably and actually incurred by the prevailing party. *See Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1101 (5th Cir. 1982).

With respect to the transcript, 28 U.S.C. § 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs," among other things, "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Defendant argues that Plaintiff's claim

1

for recovery of $530.00 for the Certified Copy of the Transcript of the deposition of Kelly Mitchell was not necessary and, thus, BANA should not be allowed to recover such costs under 28 U.S.C. § 1920. ECF No. 75 at 4. This argument is not persuasive. Although the Court issued its Order (ECF No. 70) Granting BANA's Motion for Partial Summary Judgment (ECF No. 56) based on factual similarity to the decision in *Bank of America, N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217 (Nev. 2019), BANA has sufficiently demonstrated the independent necessity of the expert witness' testimony. Plaintiff cited to the Mitchell deposition in its Motion for Partial Summary Judgment numerous times to demonstrate, among other things, that Mitchell's testimony was substantively identical to the testimony the expert witness gave in the parallel state court case.[1] Therefore, the Court awards BANA its costs in obtaining printed or electronically recorded transcripts necessarily obtained for use in this case.

With respect to the expert report, 28 U.S.C. § 1821 provides for the recovery of certain witness fees, including per diem and mileage costs, that are incurred during the course of proceedings. Defendant argues that Plaintiff's claim for recovery of $400.00 for the Appraisal Report does not qualify as recoverable costs under 28 U.S.C. § 1821 and is, therefore, improper. Defendant distinguishes between allowable costs under this statute as related to costs a *witness* may incur in the course of attending court or a deposition, from non-allowable costs a *plaintiff* may incur in employing a witness to prepare materials such as appraisal reports. ECF No. 75 at 4. Again, this argument is not persuasive.

The discretion to tax costs not specifically authorized by statute should be exercised sparingly. *Miller-Wohl Co. v. Comm'r of Labor and Industry*, 694 F.2d 203, n.2 (9th Cir. 1982). Notwithstanding, "the central concern in deciding whether to tax an expert witness' fees as costs is the necessity of the expert's testimony." *Heverly v. Lewis*, 99 F.R.D. 135, 137-18 (D. Nev. 1983) (internal citation omitted). That is, an expert witness' fees may be taxable only if the testimony is material to an issue tried and reasonably necessary to its disposition. *Id.* (internal quotations omitted). Here, BANA obtained an expert to provide a valuation of property. As BANA accurately

---

[1] ECF No. 56 at 5, 7-9, 11. BANA also attached the Mitchell deposition as a separate Exhibit. ECF No. 56-7.

|   |   |
|---|---|
| 1 | points out, this expert report was used to "decide a critical element of this case—the property's fair |
| 2 | market value as compared to the foreclosure sale price—in determining whether the court should set |
| 3 | aside the sale under the Nevada's supreme court's standard . . . ." ECF No. 76 at 2.  Therefore, this |
| 4 | Court awards BANA its costs in obtaining its expert report valuing the property in dispute. |
| 5 | Accordingly, |
| 6 | IT IS HEREBY ORDERED that $530.00 in fees obtaining printed or electronically recorded |
| 7 | transcripts necessarily obtained for use in this case are taxed as costs. |
| 8 | IT IS FURTHER ORDERED that $400.00 in fees for Plaintiff's expert report are taxed as |
| 9 | costs. |
| 11 | DATED THIS 9th day of September, 2019. |

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE