UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., *Successor by merger to BAC Home Loans Servicing, LP formerly known as Countrywide Home Loans Servicing, LP*<br><br>Plaintiff,<br><br>v.<br><br>REMINGTON PLACE HOMEOWNERS' ASSOCIATION, *et al.*<br><br>Defendants. | Case No. 2:16-cv-00475-RFB-EJY<br><br>**ORDER** |

## I.  INTRODUCTION

Before the Court are two motions: Defendant-Counter-Claimant 9060 Boston Springs Trust's Motion for Summary Judgment, ECF No. 107 and Plaintiff-Counter-Defendant Bank of America, N.A.'s Motion for Summary Judgment, ECF No. 108. For the following reasons, the Court denies Defendant-Counter-Claimant's Motion for Summary Judgment and grants Plaintiff-Counter-Defendant's Motion for Summary Judgment.

## II.  PROCEDURAL BACKGROUND

Plaintiff Bank of America, N.A. ("BANA") sued Defendants Remington Place Homeowners Association ("HOA"), 9060 Boston Springs Trust ("Boston Springs"), and Absolute Collection Services, LLC ("ACS") on March 4, 2016. ECF No. 1. The Complaint alleges four causes of action: (1) quiet title/declaratory judgment against all Defendants (2) breach of Nevada Revised Statute § 116.113 against Defendants HOA and ACS, (3) wrongful foreclosure against Defendants HOA and ACS, and (4) injunctive relief against Defendant Boston Springs. Id.

1  Plaintiff BANA filed a notice of lis pendens on March 4, 2016. ECF No. 3. Defendant HOA filed an answer on March 15, 2016. ECF No. 6. Defendant ACS filed an answer on March 26, 2016. ECF No. 8.

On January 17, 2017, Plaintiff BANA filed a Motion for Summary judgment on its claims against all Defendants. ECF No. 20. On February 28, 2017, Defendant Boston Springs answered Plaintiff BANA's Complaint, including a one counterclaim for declaratory relief/quiet title. ECF No. 33. On April 5, 2017, the Court stayed the litigation pursuant to pending U.S. Supreme Court appeals in Bourne Valley Court Tr v. Wells Fargo Bank, N.A., 832 F.3d 1154, 1159-60 (9th Cir. 2016) and Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, 133 Nev. Adv. Op. 5, 2017 WL 398426 (Nev. Jan. 26, 2017). ECF No. 40. Accordingly, Plaintiff BANA's summary judgment motion was denied without prejudice to refiling once the stay was lifted. Id.

On April 8, 2019, the Court lifted the stay pending the litigation. ECF No. 46. Plaintiff BANA filed its answer to Defendant Boston Springs's counter claim. ECF No. 53. Plaintiff BANA subsequently filed a partial motion for summary judgment on its quiet title/declaratory judgment claim and Defendant Boston Springs's counterclaim. ECF No. 56. Opposition and reply were filed ECF Nos. 60, 62. In turn, Defendant Boston Springs filed its own motion for summary judgment, contending that Plaintiff BANA's claims were time barred. ECF No. 57. Opposition and reply were filed as well. ECF Nos. 59, 64.

On August 14, 2019, the Court granted Plaintiff BANA's motion for partial summary judgment. ECF Nos. 70, 71. Specifically, the Court granted summary judgment in favor of Plaintiff BANA's quiet title/declaratory judgment claim and declared that Plaintiff BANA's deed of trust remained an encumbrance on the property at the time of the foreclosure sale. Id. The Court, finding that the declaratory relief requested was dispositive, dismissed the remaining claims as moot. Id. It then denied Defendant Boston Springs's motion for summary judgment. Id.[1]

Defendant Boston Springs appealed from the Court's decision granting Plaintiff BANA's summary judgment with the Court of Appeals for the Ninth Circuit on September 13, 2019. ECF

---

[1] The Court ordered that $530.00 in fees obtaining printed or electronically recorded transcripts for use in the case and the $400.00 in fees for Plaintiff's expert report be taxed as costs. ECF No. 77.

1   No. 80. The Ninth Circuit then, on February 12, 2021, issued an order vacating the Court's decision and remanding for it to determine whether the Court had jurisdiction over Plaintiff BANA's claims. ECF Nos. 87, 88. The Ninth Circuit, without deciding the merits of Defendant Boston Springs's appeal, concluded that it could not determine from the record whether there was complete diversity of citizenship between the parties. In response, the Court ordered a Status Conference concerning jurisdictional discovery. ECF No. 90. At the May 5, 2021 hearing, the Court directed Plaintiff BANA to either file a motion to amend its Complaint or a motion for jurisdictional discovery. ECF No. 97.

Plaintiff BANA complied, filing its Motion to Amend/Correct Complaint on May 19, 2021, ECF No. 98, and a response and reply followed, ECF Nos. 99, 100. Plaintiff BANA's motion also requested that it be permitted jurisdictional discovery. ECF No. 98. On November 22, 2021, the Court granted in part and denied in part Plaintiff BANA's motion. ECF No. 106. It granted the motion as it pertained to amending the Complaint's jurisdictional pleadings. Id. It, however, concluded that there was sufficient evidence within the motion to establish the jurisdiction of the Court in diversity and that further jurisdictional discovery was unnecessary. Id.

Defendant Boston Springs filed its instant motion for summary judgment on December 14, 2021, contending that, under the new standard decided by 7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A. ("Perla"), 458 P.3d 348 (Nev. 2020), Plaintiff BANA cannot show that its tender obligation for the HOA's superpriority lien was excused. ECF No. 107. Opposition and reply were filed as well. ECF Nos. 109, 112. A week later, Plaintiff BANA filed its own motion for summary judgment, concerning, inter alia, the issue of futility of tender. ECF No. 108. Opposition and reply were also filed. ECF Nos. 110, 111. A hearing on these cross-motions for summary judgment was held on June 30, 2022. ECF No. 114.

This Order follows.

### III.   FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[2]

---

[2] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the

      a. **Undisputed Facts**

James Munford purchased the property at 9060 Boston Springs Avenue, Las Vegas, Nevada 89149 by obtaining a $227,410 loan on January 28, 2008. The loan was secured by a deed of trust naming Mortgage Electronic Registration Systems, Inc. (MERS) as the original beneficiary. In June 2011, MERS assigned the deed of trust to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, which merged into BANA, in July 2011. Defendant HOA, through its agent Absolute Collection Services, LLC (ACS), recorded a notice of delinquent assessment lien on June 15, 2011. The total amount owed was $875.40. Defendant HOA, also through its agent Defendant ACS, next recorded a notice of default election to sell on October 14, 2011. The amount owed was now listed as $1,852.80.

In November 2011, Plaintiff BANA sent a letter to Defendant ACS requesting the superpriority amount through its counsel, at the time, Miles Bauer Bergstrom & Winter LLP. Defendant ACS sent a response dated February 3, 2012, stating that it would not send a Statement of Account until after the foreclosure had proceeded. Defendant HOA, through Defendant ACS, recorded a Notice of Trustee's Sale on March 23, 2012, with sale scheduled on May 15, 2012. The foreclosure sale was scheduled for August 14, 2012, and Defendant Boston Springs purchased the property for $6,900.00.

      b. **Disputed Facts**

The parties dispute the legal effect of the facts.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir.

---

foreclosure sale. Fed. R. Evid. 201 (b), (d). Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### V. DISCUSSION

#### a. Diversity Jurisdiction

The Court, as it did at the November 22, 2021 hearing, concludes that it has jurisdiction of this case in diversity. See 28 U.S. Code § 1653; NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 612-13 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). To establish complete diversity for federal jurisdictional purposes each of the plaintiffs must be a citizen of a different state than each of the defendants." Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1095 (9th Cir. 2004) (citing 28 U.S.C. § 1332). "[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Furthermore, a limited liability company is a "citizen of every state of which its owners/members are citizens." Id.

Here, Plaintiff BANA's principal place of business is, and, as reflected in its articles of incorporation, has its main office in North Carolina. Thus, it is a citizen of North Carolina. On the other hand, Defendant Boston Springs is a Nevada trust, and its only trustee is a citizen of Nevada. Second, Defendant HOA has its principal place of business, and is incorporated, in Nevada. Finally, Defendant ACS, as a limited liability company, has only one owner/member – Kelly Mitchell. Records show that Mitchell is a Nevada resident. There is no assertion from Defendants that show they are citizens of North Carolina. Thus, complete diversity between Plaintiff and

Defendants exists.[3]

### b. Futility of Tender

Chapter 116 of the Nevada Revised Statutes allows a homeowners association with a superpriority lien to extinguish a deed of trust. Nev. Rev. Stat. § 116.3116(2). A deed holder may preserve its interest, however, "by tendering the superpriority portion of the HOA's lien before the foreclosure sale is held." Perla, 458 P.3d at 348.[4] "[T]he tender either must be unconditional or include only those 'conditions on which the tendering party has a right to insist,' such as a request for satisfaction of judgment or a statement that the acceptance of tender satisfies the superpriority portion of the lien. CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n, 962 F.3d 1103, 1107 (9th Cir. 2020) (quoting Bank of Am., N.A. v. SFR Invs. Pool 1, LLC, 427 P.3d 113, 117-18 (Nev. 2018) (en banc)).

The Court previously granted summary judgment in Plaintiff BANA's favor based on Nevada law regarding tender in the Jessup I decision, a decision that was subsequently vacated en banc by the Nevada Supreme Court after this Court granted the motion. See Bank of America, N.A. v. Thomas Jessup, LLC Series VII ("Jessup I"), 435 P.3d 1217 (Nev. 2019) vacated on reh'g en banc in Bank of Am. N.A. v. Thomas Jessup, LLC Series ("Jessup II"), 462 P.3d 255 (Nev. 2020) (unpublished). Jessup I had held that "a formal tender is excused when the party entitled to payment represents that if a tender is made, it will be rejected." Id. at 1218; id. (concluding "that such a representation excuses the requirement of making a formal tender," as here, "the HOA's agent told the deed of trust beneficiary's agent that it would reject a superpriority tender if made").

Importantly, the Court finds that, since its previous decision on the parties' motions for summary judgment was vacated and remanded by the Ninth Circuit, the Nevada Supreme Court has clarified and modified the doctrine of tender as it relates to superpriority liens. See Perla, 458 P.3d. In Perla, the Nevada Supreme Court held that "formal tender is excused when evidence

---

[3] Defendant Boston Springs's motion for summary judgment explains that it no longer contests the Court's jurisdiction over this matter, as it was resolved at the November 22, 2021 hearing. See ECF No. 107 at 2 n.1.

[4] "The full superpriority amount consists of nine months of unpaid HOA dues and any unpaid charges for maintenance and nuisance abatement." Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n, 920 F.3d 620, 623 (9th Cir. 2019).

shows that the party entitled to payment had a <u>known</u> policy of rejecting such payments." <u>Id.</u> at 349 (emphasis added). There

> counsel for the lender, BANA, sent an inquiry letter to the HOA's agent, NAS. . . . Upon receipt of the notice of default, BANA's counsel informed NAS that it would pay the superpriority portion of the lien after receiving proof of the amount. . . . NAS did not specify the superpriority amount and proceeded with its non-judicial foreclosure sale. At a subsequent bench trial on the purchaser's quiet title claim, the trial court heard testimony that NAS's policy was to reject any payment for less than the full amount of the lien.

<u>CitiMortgage</u>, 962 F.3d at 1107 (citations omitted). The Nevada Supreme Court concluded that, because evidence at trial established that "it was NAS's business policy to have its receptionist reject any check for less than the full lien amount," and that "Miles Bauer[, BANA's counsel,] and [] [BANA] had knowledge of this business practice," "substantial evidence support[ed] the district court's finding that even if Miles Bauer had tendered a check for the superpriority amount, it would have been rejected." <u>Perla</u>, 458 P.3d at 351. Thus, <u>Perla</u> makes clear that it is not enough that an HOA trustee or agent has a policy of rejecting checks, for futility to be demonstrated; there must also be evidence that the entity making the tender <u>knew</u> of the policy. <u>Id.</u> (emphasis added).

Plaintiff BANA relies on, <u>inter alia</u>, evidence from: (1) a declaration from Rock Jung, Miles Bauer counsel for Plaintiff in HOA foreclosures where Defendant ACS served as a trustee from 2009 to 2014, (2) deposition testimony from Defendant ACS's 30(b)(6) witness, Kelly Mitchell, (3) other cases applying <u>Perla</u> to similar Defendant ACS tender policies, (4) examples of Miles Bauer's notice of default response letters, and (5) examples of Defendant ACS letters in response to those Miles Bauer letters. Plaintiff contends that this evidence demonstrates that Defendant ACS had a known policy of rejecting checks they sent that had conditions accompanying them.

The Court finds that there are no genuine issues of material fact that Defendant ACS, as the party entitled to payment of the superpriority portion of the HOA's lien, had a known policy of rejecting Plaintiff BANA's formal tender. <u>See</u> <u>id.</u> at 349. Indeed, Plaintiff BANA provides testimony from Rock Jung, who represented Plaintiff BANA in hundreds of HOA foreclosures where Defendant ACS was a trustee between 2009 and 2014. Jung testified that, by 2011, he had

sent hundreds of checks containing superpriority payoffs to trustees like Defendant ACS, and that "not one trustee had accepted a check for the superpriority of the HOA's lien." ECF No. 108-1 at 4.

Second, deposition testimony from Defendant ACS's 30(b)(6) witness, Kelly Mitchell, verifies that any attempt to tender the superiority amount with a paid in full condition attached would have been rejected:

> A. If I got a payment, I would accept it as long as it wasn't conditional.
> Q. Okay. Was it ACS' position that the Miles, Bauer second letter plus the check was conditional?
> A. It was the check that concerned me. If it said paid in full on that check, that's a condition.
> Q. Okay. And at that point then you would reject the payment?
> A. I would usually e-mail Rock and ask him to take it off. There was a certain period where he did and we didn't have problems anymore.
> Q. That would have been after this time period?
> A. I don't even know.

ECF No. 56-7 at 13. Importantly, as Mitchell's testimony indicates, Miles Bauer and Plaintiff BANA knew of this policy as well:

> Q. Okay. Was ACS' position in February 2012 that a bank foreclosure would need to occur before an HOA foreclosure?
> A. No. We didn't have a position either way on that. We had a position on whether or not a nine-month statement was valid or not.
> Q. And what was ACS' position as to a nine-month statement?
> A. A nine-month statement would only be valid if the bank had foreclosed at that time, because then it would be payment if pull, because Miles, Bauer was putting payment in full on the checks.

ECF No. 109-4 at 7. Thus, it is undisputed that Plaintiff BANA, through its counsel Miles Bauer, had a policy of sending checks with a nine-month payment, with payment in full conditions, and

that ACS had its own policy of rejecting such checks.[5] Thus, at the time of the interaction between Plaintiff's counsel and Defendant ACS, concerning the real property at issue, Defendant ACS's rejection policy was known to the parties.

The Court notes that, coupled with Jung's declaration and Mitchell's testimony, Defendant ACS's boilerplate responses to the Miles Bauer letters sent on Plaintiff BANA's behalf, seeking to tender the superpriority amount of an HOA lien, can also support a showing that Plaintiff BANA was aware of Defendant ACS's rejection policy. See TRP Fund VI, LLC v. PennyMac Loan Servs., LLC, 494 P.3d 903 (Nev. 2021) (unpublished) (stating that the Nevada Supreme Court has "recognized that the ACS response letter . . . is not necessarily insufficient to satisfy Perla's known policy of rejection standard depending on what other evidence and testimony is presented in a particular case."). All in all, the Court finds that there are no genuine issues of fact as to whether Defendant ACS had a "known business practice to systematically reject any check tendered for less than the full lien amount." Perla, 458 P.3d at 351.

Accordingly, the Court finds that, even under the modified Perla standard, Plaintiff BANA preserved its deed of trust due to futility of tender. Moreover, the issue of tender is still dispositive in this case. Defendant Boston Springs's motion also asserts that the "sole remaining issue" in this case is whether, under Perla, Plaintiff BANA was excused from tendering a check for the HOA's superpriority lien amount to Defendant ACS.[6] Because the Court concludes it was, the Court denies Defendant Boston Springs's summary judgment motion.

//

---

[5] Certainly, checks with the paid in full condition can be part of a valid tender offer. See SFR Invs. Pool 1, LLC, 427 P.3d at 118.

[6] The Court notes that Defendant Boston Springs's counter claim was based on this issue as well.

- 9 -

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant-Counter-Claimant 9060 Boston Springs Trust's Motion for Summary Judgment, (ECF No. 107), is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff-Counter-Defendant Bank of America, N.A.'s Motion for Summary Judgment, (ECF No. 108), is GRANTED.

The Clerk of Court is instructed to close this case.

**DATED:** September 28, 2022

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**